**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 20, 2010**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**Elisabeth A. Shumaker**
**Clerk of Court**

---

In re:

JAIME ZAPATA,

　　　　　Movant.

No. 10-1521
(D.C. Nos. 1:09-CV-02474-LTB &
1:04-CR-00403-LTB-8)
(D. Colo.)

---

**ORDER**

---

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.

---

　　Jaime Zapata, a federal prisoner appearing pro se, requests authorization (for the second time this year) to file a second or successive 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the court of appeals authorizing the district court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). We deny authorization.

　　Mr. Zapata was convicted in 2007 of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and use of a telephone while committing the conspiracy. He was sentenced to 292 months' imprisonment. His conviction was affirmed on direct appeal. *United States v. Zapata*, 546 F.3d 1179, 1182 (10th Cir.), *cert. denied*, 129 S. Ct. 772 (2008). He filed a § 2255 motion in 2009, challenging his sentence and alleging numerous

claims of ineffective assistance of counsel. The district court denied the motion, and Mr. Zapata did not appeal that denial.

We may grant authorization to file a second or successive § 2255 only if the movant makes a prima facie showing of (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). In April 2010, Mr. Zapata filed a motion for authorization to file a second or successive § 2255 motion seeking to present a claim that his counsel was ineffective for failing to inform him about and take action to protect his rights under the Speedy Trial Act. We denied authorization because this claim did not meet the authorization standards.

In his current motion for authorization to file a second or successive § 2255 motion, Mr. Zapata again seeks to present an ineffective assistance of counsel claim, this time based on his allegations that his counsel never helped him "in the process of his case," explained the consequences of going to trial, or explained the presentence investigation report. Mot. at 5. As Mr. Zapata concedes, however, this proposed claim is not based on any newly-discovered evidence or

any new rule of law. *Id*. Thus, Mr. Zapata's proposed claim does not meet the authorization requirements. *See* § 2255(h).

Because Mr. Zapata has failed to make any showing that he meets the requirements for authorization outlined in § 2255(h), we DENY his motion. This denial of authorization is not appealable and "shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E). We warn Mr. Zapata that any further efforts by him to seek authorization without satisfying the standards set forth in § 2255(h) may lead to the imposition of filing restrictions and/or sanctions.

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk